THOMAS R. PURNELL v. W. H. WORTH, STATE
TREASURER.

*"Arrington" Committee--Legislative Committee--Necessary
Expenses—Counsel Fees.*

A Legislative Committee appointed to investigate certain facts
and report to the General Assembly is not authorized to
employ counsel under a provision for the payment of neces-
sary expenses.

PETITION for *mandamus*, heard before *Coble, J.*, at Sep-
tember Term, 1895, of WAKE Superior Court, on a case
agreed, which is fully set forth in the report of the case of
*Bank* v. *Worth, ante.* From the refusal of his Honor to
grant the writ the plaintiff appealed.

*Messrs. T. R. Purnell* and *J. N. Holding,* for plaintiff
(appellant).
*Mr. W. A. Guthrie,* for defendant.

CLARK, J.: The other points arising in this case are dis-
posed of in *Bank* v. *Worth, ante.* The sole point remain-
ing to be decided in this case is whether an attorney is a
"necessary expense" for a committee, for we put out of
view for this purpose the admitted fact that these services
were rendered after the adjournment of the Legislature and
we have held that the committee was authorized to sit after
that time only for the purpose of making their report. The
legislature has unquestionably authority, should they deem
it necessary, to authorize a committee to employ counsel.
But they did not do so. There is no implication even that
this committee should employ counsel. On the contrary
the committee was not authorized to pass upon any legal
question or make any judicial determination. Their duties
were those of a jury, to "find the facts from the evidence·

and report said facts and also set out the evidence in full in said report." There is certainly no indication here of a necessity for the assistance of counsel "learned in law." It is witnesses "learned in the facts" only who are needed. But we would not be understood as holding that, if the committee had been called on by the terms of the resolution to pass on legal questions, in such case counsel would have been a necessary expense. *Non constat* but the committee might be composed of lawyers, or the Assembly might be willing to trust the committee's legal judgment in the first instance, since the reports of committees are subject to the action of the House appointing them. The plaintiff's remedy, if any, is to procure compensation for his legal services by application to the next General Assembly. His Honor rightly held that the employment of counsel was not provided for by the resolution.                                            No Error.